# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.P.**

**No. 14-0829** (Jackson County 09-JA-11 & 13-CIGR-9)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Seth Harper, appeals the Circuit Court of Jackson County's August 1, 2014, order granting Respondent R.N. legal guardianship of the child, J.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ryan M. Ruth, filed a response on behalf of the child supporting the circuit court's order. Respondent R.N., the child's legal guardian, by counsel Leah R. Chappell, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in disregarding testimony from her witnesses and that the evidence was insufficient to establish that she abused or neglected the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to February of 2012, the circuit court adjudicated petitioner as an abusing parent in an abuse and neglect proceeding involving the minor child J.P.[1] She was then granted a post-adjudicatory improvement period that she successfully completed. By order entered on February 16, 2012, petitioner was granted primary custody of the child, J.P. Thereafter, in November of 2013, R.N. filed a petition in the family court seeking guardianship of the child. R.N. is a local pharmacist who met petitioner and her child at the store at which R.N. was employed, and subsequently began providing J.P. care. At the initial hearing, the family court found a likelihood that it would be asked to consider allegations of abuse and/or neglect and ordered the matter transferred to the circuit court. That same month, the family court entered an interim order appointing R.N. as the child's temporary guardian.

---

[1]Petitioner failed to include any substantive orders or other documents from the abuse and neglect proceeding below. On appeal, petitioner's appendix contains only (1) transcripts from the evidentiary hearings held after the abuse and neglect proceeding was consolidated with the subsequent guardianship proceeding, (2) the exhibits introduced during these hearings, and (3) the circuit court's final order on appeal.

Around the time the circuit court held its first hearing on the guardianship petition, the DHHR moved to modify the disposition from the prior abuse and neglect proceedings. Ultimately, the circuit court consolidated the guardianship and abuse and neglect proceedings. Thereafter, the circuit court held final hearings on the petition for guardianship on April 11, 2014; May 19, 2014; and May 27, 2014. Petitioner presented witnesses including her treating medical doctor and a counselor. In support of her petition, R.N. presented several witnesses, including the child's maternal grandmother and uncle, the child's teachers, other pharmacy employees, and psychologist Jason Weaver, who interviewed petitioner during the proceedings below. The circuit court also admitted multiple exhibits, including the child's school records and petitioner's mental health treatment records. Ultimately, the circuit court found petitioner to be an abusing parent based upon her physical, emotional, and mental abuse, and academic neglect of the child. The circuit court then awarded legal guardianship to R.N., but awarded petitioner limited supervised visitation with the child. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court awarding R.N. legal guardianship of the child.

To begin, the Court finds no error in the circuit court affording more weight to respondent's witnesses than to petitioner's, especially given the voluminous evidence introduced below and the circuit court's well-reasoned, thirty-five page order analyzing the same. Petitioner specifically takes issue with the circuit court's credibility determinations in regard her doctor and her counselor. While petitioner argues that the circuit court should have relied more heavily on testimony from these witnesses solely because they have been treating her for years, the Court disagrees. The circuit court expressly found that the testimony from both witnesses contradicted the other evidence in the matter, including those professional's own treatment records.

In regard to petitioner's counselor, the circuit court specifically found that although J.P. was listed as the patient in numerous treatment records, the counselor's "sessions [were] obviously geared as much toward teaching [petitioner] to parent [the child] as treating [the child's] issues." The circuit court also noted that during their sessions, the counselor made

"completely unsupported judgments concerning the actions and motivations of . . . personnel" at the child's school, and that these unsupported judgments were repeated in the counselor's testimony below. Ultimately, the circuit court found that the counselor "has abandoned any pretense at professional neutrality, and has allowed herself to become somewhat of an advocate for [petitioner's] position." As such, the circuit court stated that her opinions were "not given substantial weight."

Similarly, in regard to petitioner's doctor's opinions concerning petitioner, the circuit court found that her knowledge of petitioner's parenting abilities was based entirely on petitioner's own reports. Further, despite admitting that petitioner was once hospitalized because of "vague suicidal thoughts," her doctor testified that petitioner has never been a threat to herself or others. According to the circuit court, petitioner's doctor clearly disregarded petitioner's prior hospitalization when assessing her mental and emotional condition. Accordingly, the circuit court gave the doctor's opinions "only limited weight." We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Based upon the evidence introduced, including the treatment records from both petitioner's doctor and her counselor, and in accordance with our prior holding regarding credibility determinations, the Court finds no error in this regard. The circuit court appropriately weighed the available evidence and made corresponding credibility determinations that this Court declines to disturb on appeal.

As to petitioner's remaining assignment of error, the Court finds that the evidence was sufficient to establish that petitioner abused and neglected the child. In the present matter, the circuit court specifically found that petitioner's conduct constituted physical, mental, and emotional abuse, as well as educational neglect. Specifically, in finding that petitioner physically abused the child, the circuit court noted that she admittedly withheld the child's medications from him and suggested that the child be given a Schedule IV controlled substance to induce a bowel movement. Petitioner also made repeated comments to her family, R.N., and school personnel about certain societies in which parents kill their children before committing suicide, which created concern for the child's safety.

As for mental and emotional abuse, the circuit court found that petitioner called the child insulting and degrading names in his presence and told him that eating the food and drinking the water at his school would harm him to the point the child exhibited fear in response to drinking from the water fountain. Moreover, petitioner exposed the child to video images of women's genitalia during childbirth, which the circuit court found did not differ substantially from showing a child pornography. According to the circuit court, petitioner showed the child these inappropriate videos as punishment for behavior she considered inappropriate. Petitioner also had a history of threatening to leave the child in public and walking away from him. Further, the circuit court found that petitioner's history of mental health treatment demonstrated that the disorders for which she received treatment still substantially and negatively impacted her ability to parent the child. Finally, the circuit court found that petitioner educationally neglected the child based upon sixty absences in a single school year and substantial developmental delay while in her care, among other factors.

Pursuant to West Virginia Code § 49-1-3(1)(A), an abused child is one whose health or welfare is harmed or threatened by "[a] parent . . . who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Further, pursuant to West Virginia Code § 49-1-3(11)(A)(i), a neglected child is one

> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary . . . education, when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent . . . .

Based upon the evidence set forth above, it is clear that petitioner abused and neglected the subject child in a number of ways, and that the circuit court was presented with voluminous evidence in this regard. For these reasons, we find no error in the circuit court finding that petitioner abused and neglected the child.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 1, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4